### AS TO SETTLEMENT OF DAMAGES FOR A TORT.

Circuit Court of Hamilton County.

EMMA DEGARMO v. CINCINNATI TRACTION COMPANY.

Decided, July 3, 1909.

*Failure to Read Paper before Signing—Not Negligence, When—Release—Evidence—Error in Arresting Case from Jury.*

*Horace A. Reeve*, for plaintiff in error.
*Kittredge, Wilby & Stimson*, contra.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

At the time plaintiff signed the release pleaded as a defense, it was not known that she had sustained any serious bodily injury, although she was extremely nervous.

She testifies as follows:

"I said what am I signing this for? He said it is to show that I paid you the money for dress damages."

The conversation was confined wholly to the damages to her dress, for which she received fifteen dollars. Under such circumstances it was not negligence on the part of plaintiff to omit reading the paper before signing, and the court erred in arresting the case from the jury. *Perry* v. *O'Neil & Co.*, 78 O. S., 200.

It was error also to sustain the objection to: "Q. Did you rely upon what Mr. McCarthy told you?"

Judgment reversed and cause remanded for a new trial.

---

## AUTHORITY OF JUVENILE COURT SUPERIOR TO THAT OF PARENTS.

Circuit Court of Franklin County.

### LEWIS TRAVIS v, THE STATE OF OHIO,

Decided, October, 1909.

*Juvenile Court—Constitutionality of the Act Establishing—Designation of a Judge to Act—Authority to Distribute Business among Judges having Like Original Jurisdiction—Is not a Conferring of Jurisdiction—Validity of Provisions for the Care of Delinquent and Dependent Children—Police Power.*

1. The act of April 16, 1906, establishing juvenile courts and establishing procedure therein, does not contravene any of the provisions of the state Constitution.
2. In counties where three or more common pleas judges regularly hold court concurrently, it is competent under Section 548-36f that the probate judge should be designated to perform all the duties pertaining to the office of judge of the juvenile court.

SULLIVAN, J.; DUSTIN, J., and ALLREAD, J., concur.

Heard on error.

The judges of courts having like original jurisidiction may arrange for a proper distribution of the business coming before said courts.

As an illustration, the Court of Common Pleas of Franklin County is presided over by several judges. They are authorized to establish rules to facilitate the disposition of the business coming before the court. One of these provides for a division of the business among the several judges.